UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICOLAS CASTELLANOS MARQUEZ,<br>Petitioner,<br>v.<br>BRUCE SCOTT, Warden, NWIPC, et al.,<br>Respondents. | CASE NO. 2:26-cv-03419-TL<br><br>ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

This matter is before the Court on Petitioner Nicolas Castellanos Marquez's petition for writ of habeas corpus. Dkt. No. 1. Having reviewed the petition, Respondents' return (Dkt. No. 6), Petitioner's traverse (Dkt. No. 9), and the relevant record, the Court GRANTS the petition.

## I. BACKGROUND

Petitioner is a citizen of Cuba. Dkt. No. 1-1 (supplement to petition) ¶ 1. On June 8, 2022, Petitioner entered the United States near San Luis, Arizona. *Id.* ¶ 5. Immigration and Customs Enforcement ("ICE") detained Petitioner and charged him as inadmissible under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* On June 9, 2022, the Department of Homeland Security ("DHS") issued

Petitioner a Notice to Appear ("NTA") (*see* Dkt. No. 1-1 ¶ 5; Dkt. No. 7-1 (NTA)), then released him on his own recognizance the next day (*see* Dkt. No. 1-1 ¶ 6).

On December 18, 2025, local police arrested Petitioner in Norfolk, Nebraska, "based on alleged DUI, refusal, and traffic offenses." *Id.* ¶ 7. Petitioner asserts that to the best of his knowledge, "the matter was abandoned," and that "searches of available court and criminal-record databases show no resulting criminal case or conviction." *Id.* ¶ 9. Respondents do not rebut this, asserting that "ICE records do not reflect that formal criminal charges were ever filed as a result of this arrest." Dkt. No. 6 at 3.

On December 19, 2025, ICE detained Petitioner without affording him notice or a pre-deprivation hearing. Dkt. No. 1-1 ¶¶ 8, 10. Ultimately, Petitioner was transferred to the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, where he remains detained. *See* Dkt. No. 1 at 1.

## II. Legal Standard

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by a preponderance of the evidence that they are entitled to relief, *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)—that is, that they are "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c).

## III. Discussion

Two considerations inform the Court's conclusion that Petitioner's detention is unlawful.

First, Petitioner is discretionarily detained under 8 U.S.C. § 1226(a), not mandatorily detained under § 1225(b). On June 10, 2022, Petitioner was issued an Order of Release on Recognizance ("OREC"), "[i]n accordance with section 236 of the Immigration and Nationality Act," 8 U.S.C. § 1226. Dkt. No. 1-1 at 12 (OREC). As Respondents concede, courts in this

District "have previously found noncitizens released on ORECs to be detained under Section 1226(a) rather than Section 1225(b)." Dkt. No. 6 at 3 (collecting cases). Respondents provide no basis for the Court to conclude otherwise with respect to this Petitioner and, indeed, "acknowledge that this Court may reach the same conclusion here." *Id.*

Second, "[p]rocedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* at 333 (citation modified). Consistent with the arguments of the Parties (*see* Dkt. No. 1-1 ¶ 20; Dkt. No. 6 at 5), the Court will evaluate the *Mathews* factors to determine whether Petitioner's re-detention comported with constitutional due process requirements.

Application of the *Mathews* balancing test to this case yields a conclusion that Petitioner's re-detention without notice and a pre-deprivation hearing violated Petitioner's due process rights. *See Mathews*, 424 U.S. at 335. Respondents concede as much, nominally opposing the issuance of a writ of habeas corpus but admitting that "this Court will . . . likely find that Petitioner's re-detention violated due process as there was no pre-deprivation hearing." Dkt. No. 6 at 5.

First, after Petitioner was released on an OREC in 2022, Petitioner obtained a strong liberty interest in his remaining out of detention. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action."); *Ho v. Noem*, No. C25-2222, 2025 WL 3466923, at *4 (W.D. Wash. Nov. 24, 2025 ("When released on OREC . . . , Petitioner acquired a liberty interest protected by the Due Process Clause."). During the three and a half

years between his release in June 2022 and his re-detention in December 2025, Petitioner "lived and worked in the United States while attending to [his] immigration case." Dkt. No. 1-1 at 8 ¶ 2 (Castellanos Marquez Decl.). Petitioner is married to a lawful permanent resident who maintains a home in Norfolk, Nebraska. *See id.* at 45 ¶¶ 1–3 (Brunet Zamora Decl.). Next, in originally issuing the OREC, Respondents' agent determined that Petitioner did not pose a flight risk and could live at liberty with minimal supervision. Petitioner's arrest for "traffic-related offenses" more than three years later hardly alters that calculus, especially given that "ICE records do not reflect that formal criminal charges were ever filed as a result of this arrest." Dkt. No. 6 at 3. Accordingly, the Court finds that the risk of erroneous deprivation of liberty is high. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) ("[G]iven that Petitioner was previously found to not be a danger or risk of flight . . . the risk of erroneous deprivation remains high."). Finally, the costs of a pre-deprivation hearing would have been minimal. *See, e.g.*, *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025) ("In immigration court, custody hearings are routine and impose a minimal cost." (citation modified)).

In sum, Respondents' re-detention of Petitioner violated his Constitutional due process protections, and the Court will order his immediate release.

## IV. CONCLUSION

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1) is GRANTED. It is hereby ORDERED:

(1) Respondents and all their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them:

(a) SHALL release Petitioner from detention **within twenty-four (24) hours** under appropriate conditions of release;

(b) SHALL submit to the Court, **within forty-eight (48) hours** of Petitioner's release from detention, a declaration or status report confirming that Petitioner has been released from custody and informing the Court of the date and time of his release.

Dated this 4th day of November 2026

Tana Lin
United States District Judge